No. 87-458

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

JULIUS A. BLALOCK,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Tenth Judicial District,
              In and for the County of Judith Basin,
              The Honorable Peter Rapkoch, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John C. Stanley, Jr., Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        George Schunk, Asst. Atty. General, Helena
        Sarah Arnott, County Attorney, Stanford, Montana

_____

Submitted:  May 5, 1988

Decided:  June 7, 1988

Filed:  JUN 7 1988

_Ethel M. Harrison_
_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from the District Court, Tenth Judicial District, County of Judith Basin. The matter was initially heard in Justice Court and was appealed to District Court for a trial de novo. The District Court fined the appellant $210.00 for violating § 45-6-203, MCA, criminal trespass. We affirm.

The appellant's issues are as follows:

1. Whether the District Court's "finding" that the intended criminal act is purposely and knowingly doing the act that is done, not the purposeful and knowledgeable intention to commit a crime, led to an incorrect conclusion that the appellant had "purposely and knowingly" entered the complaining witness's land?

2. Whether the complaining witness properly posted his property as directed by § 45-6-201, MCA?

3. Whether § 45-6-201, MCA, is unconstitutionally vague and violates the due process clause of the Fourteenth Amendment to the United States Constitution and Article II, § 17, of the Montana Constitution?

On March 11, 1987, the appellant, Julius Blalock, was traveling on a public highway running adjacent to Cyril Collarchik's land. At one point, he left the highway onto a dirt road that ran into Collarchik's property. The purpose of this excursion was to investigate some structures he thought looked like beehives. At the point the road meets the highway is a gate which had been left open. On the post, right of this opening was a rectangular sign measuring 12 x 5 inches and painted fluorescent orange. No written messages appeared on this sign. All entrances used by vehicles were

similarly marked. The statute relevant to posted notice against trespassing is § 45-6-201(2), MCA:

> (2) To be effective under this section, the notice provided for in subsection (1) must satisfy the following requirements:
>
> (a) notice must be placed on a post, structure, or natural object by marking it with written notice or with not less than 50 square inches of fluorescent orange paint, except that when metal fenceposts are used, the entire post must be painted; and
>
> (b) the notice described in subsection (2)(a) must be placed at each outer gate and normal point of access to the property, including both sides of a water body crossing the property wherever the water body intersects an outer boundary line.

Both parties agree that Blalock had no knowledge that the right post marking may have constituted legal notice of no trespassing. He satisfied his curiosity about the beehives and began driving out the way he came in when he was stopped by Collarchik who called the sheriff. When the sheriff's deputy arrived, Blalock was cited for criminal trespass.

Initially, we will dispose of appellant's constitutional claim. Because he did not raise this claim at trial and it does not fit into any of the statutory and common law exceptions, Blalock is barred from challenging the constitutionality of § 45-6-201, MCA. State v. Probert (Mont. 1986), 719 P.2d 783, 785, 43 St.Rep. 988, 990.

Appellant takes issue with the District Court's "finding" that

> The intended criminal act is purposely and knowingly doing the act that is done, not the purposeful and knowledgeable intention to commit a crime, and the Defendant purposely and knowingly entered upon the Complainant's property.

- 3 -

Blalock contends that this finding essentially prevents the use of any defense to the required element of "knowingly." Much of Blalock's argument focuses on his assertion that he was unaware that the orange sign meant no trespassing. He claims that this is a mistake of fact that provides a defense that prevents him from being found to have the requisite mental intent to knowingly enter the land unlawfully. This argument has no merit.

It is well recognized in Montana that one need not form the intent to commit a specific crime or to intend the result that occurred to be found guilty of knowingly committing a crime. See State v. Raty (Mont. 1984), 692 P.2d 17, 19, 41 St.Rep. 2354, 2356-57; State v. Sigler (Mont. 1984), 688 P.2d 749, 754-55, 41 St.Rep. 1039, 1046; State v. Weaver (1981), 195 Mont. 481, 494, 637 P.2d 23, 30.

We hold that the District Court's "finding" correctly stated Montana law.

In response to Blalock's assertion that he is denied a defense to the element of "knowingly" we wish to state that ignorance of the law has never been a defense in Montana. Section 45-2-103(5), MCA; State ex rel. Rowe v. District Court (1911), 44 Mont. 318, 324, 119 P. 1103. Since no argument has been made that the sign at the relevant entryway was not in accordance with the posting statute, we will assume for purposes of this issue that Blalock had legal notice that the land he entered was off-limits to trespassers. We affirm the District Court's finding that Blalock knowingly entered Collarchik's land.

Next Blalock asserts that Collarchik's failure to post notice at points where a creek traversed his land negates the effectiveness of his efforts to post at other points of his property. Because there was no substantial compliance, Blalock argues, the notice is void.

We decline to discuss at this point the intricacies of § 45-6-201's substantial compliance clause. We do not think, however, that the legislature intended to deprive a property owner of his right to allow or refuse entry to whomever he wants. Since the gate Blalock entered was adorned with the proper orange markings, he was denied the right to enter the land. He entered knowingly and was consequently arrested. Under the specified circumstances of this case, we affirm the decision of the District Court.

_____
William E. Hunt
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

- 5 -