No. 90-383

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

     Plaintiff and Respondent,

v.

ROBERT EUGENE YOUNG,

     Defendant and Appellant.

FILED

JUL 30 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Seventeenth Judicial District,
In and for the County of Phillips,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert L. Stephens, Jr., argued; Attorney at Law,
Billings, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
Jennifer Anders, argued; Assistant Attorney General,
Helena, Montana
John C. McKeon, Phillips County Attorney, Malta,
Montana

Submitted: June 4, 1991

Decided: July 30, 1991

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant Robert Eugene Young was found guilty of aggravated assault, a felony, by a jury sitting in the Seventeenth Judicial District Court, Phillips County. He appeals from that conviction.

We reverse.

The sole issue for review is whether the defendant's right of confrontation was abridged when the District Court refused to grant immunity to a witness who invoked his Fifth Amendment privilege against self-incrimination before full cross-examination had been completed.

In the early morning hours of April 11, 1989, defendant Robert Young and friends, Loren Greene and Doug Simanton, were driving in Malta. They apparently had an exchange with the victim, Raymond Doney, Jr., and his friend, Curtis Horn, who were parked on the street in another truck.

Young then drove to a large parking lot called "Westside." Doney and Horn arrived there shortly after the Young vehicle. Words were exchanged between the occupants of the two trucks and a gun that had been in Doney's truck was fired. There is conflicting testimony as to who fired first, Young or Horn, but Doney was wounded.

Horn then drove the truck with Doney from the site of the assault, lost control of the truck, and wrecked. The two men were found by police and Doney was taken to Havre for treatment. Young

was charged with attempted deliberate homicide and, alternatively, felony assault.

Horn was interrogated regarding the evening's events on April 11 at 3 a.m., at 9 a.m., and again on April 19. At trial, defense counsel attempted to cross-examine Horn on certain statements from the interrogations. Cross-examination was completed on the first statement, but halfway through the cross-examination of the second statement, Horn invoked his Fifth Amendment privilege against self-incrimination and refused to answer. Defense counsel immediately requested immunity for Horn, but the court stated it did not think it had the power to grant immunity. Defense counsel then asked the prosecutor to request immunity. He declined and the witness was excused.

A jury found the defendant guilty of aggravated assault. The defendant moved for a judgment of acquittal notwithstanding the verdict, or a new trial, partially on grounds that Young had been denied his right to complete the cross-examination of Horn. The court denied the motion, stating that Horn's direct testimony had in fact harmed, not helped, the State's case, and that evidence through further cross-examination "would not have effected [sic] the jury's verdict one iota." This appeal ensued.

Was the defendant's right of confrontation abridged when the District Court refused to grant immunity to a witness who invoked his Fifth Amendment privilege against self-incrimination before full cross-examination had been completed?

3

Article II, § 24, of the Montana Constitution provides that:

> In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel . . . to meet the witnesses against him face to face . . . .

Mont. Const. art. II, § 24 (1972).

We have held that the right to confront witnesses is not abridged when the witness is available for cross-examination. State v. Pease, 222 Mont. 455, 724 P.2d 153 (1986). We emphasized the importance of cross-examination in State v. Charlo, 226 Mont. 213, 735 P.2d 278 (1987), by affirming the admission of out-of-court statements because the declarants were subsequently available for cross-examination. Charlo, 226 Mont. at 216, 735 P.2d at 280.

The district court judge is empowered to compel a witness to answer and to grant limited immunity in order to facilitate the examination process. Section 46-15-331, MCA, states in part:

> Before or during trial in any judicial proceeding, a justice of the supreme court or judge of the district court, upon request by the attorney prosecuting or counsel for the defense, may require a person to answer any question or produce any evidence that may incriminate him. If a person is required to give testimony or produce evidence in accordance with this section in any investigation or proceeding, no compelled testimony or evidence or any information directly or indirectly derived from such testimony or evidence may be used against the witness in any criminal prosecution.

Section 46-15-331, MCA.

When asked by defense counsel to grant immunity, the court responded that it did not think it had the power to do so. Not having the statutes at hand, counsel, in a desperate effort to

4

retain the witness, asked the prosecutor to grant immunity. The prosecutor declined. Upon motion for new trial, the court stated that even if Horn had continued to testify, his further testimony would not have affected the jury verdict, and denied the motion.

The State concedes on appeal that further cross-examination would probably have forced Horn to incriminate himself on charges of perjury and assault. Having concluded that the Fifth Amendment was properly invoked initially, the State balances that privilege against the defendant's right to cross-examine. It argues that further cross-examination would merely have been cumulative because Horn's testimony to that point had established him as an unbelievable witness.

Young, however, contends that a number of critical inconsistencies could have been shown through Horn's testimony which would have called into question the version of the story offered by the State. Young cites 14 damaging statements from Horn's second interrogation on April 11, and 16 statements from the April 19 interrogation, for which no cross-examination was permitted. This material includes conflicting statements about who instigated the fight and who fired the rifle. Young maintains that the information was relevant to his attempted affirmative defense of justifiable use of force.

The 1972 Montana Constitution and subsequent cases analyzing the Confrontation Clause have made it abundantly clear that full cross-examination is a critical aspect of the right of

confrontation.  Pease, 222 Mont. 455, 724 P.2d 153;  Charlo, 226 Mont. 213, 735 P.2d 278.  When requested by the defendant to grant immunity to the witness, the District Court mistakenly concluded it did not have power to grant such immunity.  Upon its subsequent review of the trial and transcript, the District Court concluded that the lack of full cross-examination had not prejudiced Young's case because his testimony was extremely contradictory and the excluded testimony, at most, would have been cumulative.  After a careful review of the record, we note that the evidence with regard to the altercation, including the firing of both a rifle and a pistol, were sharply in conflict.  We are unable to conclude that the limitation on cross-examination did not have an adverse effect on the defendant's case.  We further conclude that full cross-examination in this case was a critical aspect of the defendant's right of confrontation.

We reverse the conviction and remand for new trial.

_____
Justice

We Concur:

_____
Chief Justice

6

_Karla M. Gray_

_R. C. McDonough_

_Jim Nelson_

_Terry N. Trieweiler_

Justices