No.  92-006

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

　　　　Plaintiff and Respondent,

　　v.

ANGIN McNATT,

　　　　Defendant and Appellant.


APPEAL FROM:　District Court of the Eighth Judicial District,
　　　　　　　　In and for the County of Cascade,
　　　　　　　　The Honorable John M. McCarvel, Judge presiding.


COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　　　Julie A. Macek, Attorney at Law, Great Falls,
　　　　　　　　Montana; William F. Hooks, Appellate Defender's
　　　　　　　　Office, Helena, Montana

　　　　For Respondent:

　　　　　　　　Hon. Marc Racicot, Attorney General,
　　　　　　　　Carol E. Schmidt, Assistant Attorney General,
　　　　　　　　Helena, Montana; Patrick L. Paul, Cascade
　　　　　　　　County Attorney, Great Falls, Montana


Submitted on Briefs:　October 8, 1992

Decided:　April 5, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Angin McNatt was convicted of felony sexual assault on August 7, 1991, by the Eighth Judicial District Court, Cascade County. During the trial, defense counsel moved for a mistrial based on a claim of prejudice due to juror misconduct. This motion was denied, as was a similar motion for a new trial made after the jury verdict. McNatt appeals from the denial of these motions. We affirm.

The following issues are presented on appeal:

1. Did the District Court abuse its discretion when it denied McNatt's motions for mistrial and a new trial after a juror interrupted defense counsel during cross-examination of a witness?

2. Did the District Court's suspension of the cross-examination of a witness deprive McNatt of his constitutional right to confront and cross-examine that witness?

Defendant was charged with sexually assaulting an eight-year-old girl, F.S., on the evening of November 16, 1990, when he was babysitting F.S. and his two stepdaughters, Tamika, age eleven, and Tasha, age nine. During the trial, Tasha testified on direct examination that F.S. described to her that night what McNatt had done.

On cross-examination, defense counsel sought to impeach Tasha on the issue of when F.S. had told Tasha about the sexual assault. At four different times during cross-examination, Tasha was asked if she remembered stating to defense counsel during a pretrial

2

interview that F.S. did not mention the assault until the next day. Tasha related that she remembered the interview, where the interview took place, and that it was important to tell the truth. However, in response to the question of whether she remembered giving a different answer at the interview than during her testimony, she got upset, started to cry, and responded no. The fourth time defense counsel asked this question the State raised an "asked and answered" objection.

The court did not specifically rule on the objection, but observed that this question was "the point where [Tasha] breaks down all the time." The following exchange then took place:

Q.    (By Defense Counsel):    Tasha, we can talk about something else, okay?  Have you had a chance to talk to [F.S.] about this since it happened?

A.    (Witness shakes head in a negative manner)

A JUROR:    Your honor, I cannot sit through anymore questioning to this little girl.  If I am in contempt of court, I am in contempt, and I will settle with you.  I must be excused right now if this questioning is going to continue.

THE COURT:    Yes, I think he is right.  I think we have put this little girl through enough now.  Take her off the stand.

In chambers, defense counsel moved for a mistrial due to this outburst by the juror based on the juror's inability to remain fair and impartial, and the potential prejudicial effect this incident had on the entire jury panel.  In the alternative, defense counsel requested that an alternate juror replace the juror who made the statement.  The court denied this motion, finding no prejudice to

3

either side as a result of this incident and noting that, while the statement may have indicated the juror's sympathy for the witness, it did not mean he was "for or against defendant."

During McNatt's presentation of his evidence, counsel called the paralegal who had accompanied her to the pretrial interview with Tasha to testify that there were inconsistencies between Tasha's prior statements and her testimony on direct examination. The paralegal testified that Tasha had previously stated that F.S. did not tell her anything about the assault until the next day.

The following day McNatt renewed his motion for mistrial due to the juror's outburst, alleging that he had been denied the right to cross-examine the witness because she had been removed from the stand before the defense had completed its questioning. This motion was denied, and the jury subsequently found McNatt guilty of felony sexual assault.

On September 6, 1991, defendant again moved for a new trial on the grounds that the juror's interruption during trial deprived him of a fair and impartial trial. After hearing oral arguments, the court found that the juror's remarks had not indicated any bias against the defendant but were motivated by nonprejudicial sympathy for the child witness. The motion was denied, and on October 1, 1991, McNatt was sentenced to ten years in prison, with five suspended. The sentence included the condition that McNatt not be released from prison until undergoing sex offender evaluation and treatment. Notice of appeal was filed on October 2, 1991.

4

# I.

Did the District Court abuse its discretion when it denied McNatt's motions for mistrial and a new trial after a juror interrupted defense counsel during cross-examination of a witness?

The standard of review for reversing a lower court's ruling on a motion for mistrial requires clear and convincing evidence that the trial court's ruling was erroneous. *State v. Gambrel* (1990), 246 Mont 84, 803 P.2d 1071; *State v. Salois* (1988), 235 Mont. 276, 766 P.2d 1306. Because the trial court is in the best position to observe the jurors and determine the potential for prejudice when allegations of jury misconduct are raised, the court has significant latitude when ruling on these matters, and its determination is given considerable weight by this Court. *State v. Eagen* (1978), 178 Mont. 67, 582 P.2d 1195. We have also held that the grant or denial of a motion for a new trial is within the discretion of the trial court and will not be overturned unless it is shown that the defendant was deprived of a fair and impartial trial. *State v. Gambrel*, 803 P.2d at 1076; *State v. Brush* (1987), 228 Mont. 247, 741 P.2d 1333. In this instance, we conclude that the required showing of clear error to overturn the District Court's rulings on the motions for mistrial and a new trial has not been met and conclude that the court did not abuse its discretion in denying McNatt's motions.

Citing this Court's holdings in *State v. DeGraw* (1988), 235 Mont. 53, 764 P.2d 1290, and *State v. Murray* (1987), 228 Mont. 125, 741 P.2d 759, where we stated that jury misconduct tending to injure the defendant creates a presumption of prejudice to the defendant which the State must rebut by evidence of no injury, McNatt contends the presumption of prejudice remains because the State failed to meet this burden. When the court denied his motions and refused to question the juror on his ability to remain fair and impartial in light of this presumed prejudice, McNatt claims he was denied his constitutional right to a trial by a fair and impartial jury.

Although McNatt correctly states our holdings in regard to a rebuttable presumption of prejudice arising from jury misconduct, we have previously made clear that this burden shifts to the State only after there has been a threshold showing of misconduct which injures or prejudices the defendant. *State v. Hedrick* (1987), 229 Mont. 145, 745 P.2d 355; *State v. Dickens* (1982), 198 Mont. 482, 647 P.2d 338. As we recently emphasized in *State v. Sor-Lokken* (1991), 247 Mont. 343, 805 P.2d 1367, "alleged jury misconduct must affect a material matter in dispute and prejudice the complaining party."

In this instance, we find no initial showing that the juror's outburst resulted in prejudice to McNatt, and we will not make this inference when the District Court was in the best position to witness the incident and to evaluate the potential for prejudice. The comment occurred when a witness, who was not the victim, was

6

being cross-examined on a matter that was not directly related to the elements of the alleged crime. It occurred while she was being asked when she recalled being told about the incident. The comment itself did not indicate any hostility toward the defendant, nor did it indicate that the juror had formed an opinion in relation to the defendant.

The trial judge, able to put the juror's remark into context and to assess the effect of the juror's conduct on the jury panel, consistently found no evidence of prejudice against McNatt. Based on in-court observations, the judge found that the comment did not place blame on anyone, but was prompted by the fact that the juror "felt sorry for the little girl" after she repeatedly became upset by the same question.

McNatt contends that he was not only injured by the juror's statement, but by the reaction of the judge when he agreed with the juror and stated: "I think he is right . . . we have put this little girl through enough now." McNatt claims that this concurrence in the juror's statement, which was expressed to the entire jury panel, was extremely prejudicial.

We have cautioned that "to avoid prejudice to the defendant, the judge in a criminal trial should avoid making remarks which are calculated in any way to influence the minds of the jury." *State v. Dawson* (1988), 233 Mont. 345, 354, 761 P.2d 352, 358. However, this remark did not indicate prejudice against McNatt; nor did it

indicate an effort by the judge to influence the jury. We find nothing in the record to support the presumption of "extreme prejudice" upon which McNatt bases his argument.

In the absence of a showing of prejudice to McNatt resulting from the juror's outburst, the misconduct in itself is insufficient to entitle him to a mistrial or new trial. We conclude that the court's denial of McNatt's motions was not an abuse of discretion.

II.

Did the District Court's suspension of the cross-examination of a witness deprive McNatt of his constitutional right to confront and cross-examine that witness?

McNatt claims that due to the juror's outburst, the witness, Tasha, was removed from the witness stand while she was in the process of being impeached and before defense counsel was finished questioning her on an issue directly related to her credibility. He argues that this was a denial of his constitutionally protected right to cross-examine adverse witnesses and is, therefore, ground for reversal. Citing *Davis v. Alaska* (1974), 415 U.S. 308, 318, McNatt contends that if the right to effective cross-examination is denied, constitutional error exists without the need to show actual injury.

The State counters with the argument that, while the absolute denial of the right to confront and cross-examine a witness would be an impermissible deprivation of the accused's constitutional

8

right, the defendant's right to cross-examine is not absolute. The State cites *State v. Gommenginger* (1990), 242 Mont. 265, 274, 790 P.2d 455, 461, for the proposition that it is within the trial court's discretion to exercise reasonable control over the mode of interrogating witnesses. Specifically, in this instance, the State claims the court acted within its discretion in deciding at what point the right to confront and cross-examine Tasha had been satisfied and beyond which point cross-examination would have been unreasonable.

The 1972 Montana Constitution and subsequent cases analyzing the confrontation clause have made it abundantly clear that full cross-examination is a critical aspect of the right of confrontation. *State v. Young* (1991), 249 Mont. 257, 815 P.2d 590. Balanced against this right of confrontation is Rule 611(a), M.R.Evid., which provides that the district court has discretion in exercising reasonable control over the mode and order of interrogating witnesses so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment. We have held, however, that the court's discretion in exercising this control becomes operative only after the constitutionally required threshold level of inquiry has been afforded the defendant. *Gommenginger*, 790 P.2d at 461, (citing *United States v. Tracey* (1st Cir. 1982), 675 F.2d 433, 437).

After reviewing the record in this instance, we hold that the trial court did not deprive McNatt of his constitutionally guaranteed right to confront and cross-examine witnesses when it removed the nine-year-old child from the stand after she repeatedly broke down in tears at a certain point in the questioning. The line of questioning at the time of the juror's interruption and Tasha's removal from the stand was intended to raise questions about her credibility due to the fact that her pretrial statement conflicted with her trial testimony. Even though Tasha never gave the specific answer which defense counsel was attempting to elicit, it was not unreasonable for the judge, after the question was repeated several times, to decide that continued questioning would probably not accomplish anything further.

Moreover, the paralegal's subsequent testimony, which confirmed the inference raised in the question asked of Tasha, effectively put her credibility into issue. Although McNatt argues that testimony by a third party is not as effective as an admission by the party being questioned, the record does not suggest that continued pressure from defense counsel would have resulted in anything other than further loss of composure by the witness.

Defense counsel admitted in chambers that, while she had a few questions left for Tasha, she decided not to anger the jury by attempting to continue questioning her and immediately objecting to Tasha's removal from the stand. However, the record clearly demonstrates that the court was willing to allow defense counsel to

10

resume questioning at a later point in time if necessary and did not permanently foreclose further cross-examination on this or other issues.

In *State v. Short* (1985), 217 Mont. 62, 68, 702 P.2d 979, 982, after considering a similar issue, we stated:

> This cross-examination brought out all the information necessary to argue the credibility . . . of this witness to the jury. We hold that limiting the extent of the cross-examination . . . did not violate [the defendant's] right to confrontation of witnesses and was not an abuse of the trial court's discretion.

Our reasoning expressed in *Short* applies in this case. The cross-examination of Tasha, supplemented with the testimony of the paralegal, adequately brought out the information necessary to argue Tasha's credibility to the jury. Additionally, the court did not foreclose defense counsel's ability to resume questioning if there were other areas of Tasha's testimony she wished to explore. We hold that the court's removal of Tasha from the stand after the juror's outburst was a reasonable exercise of its discretion and did not violate McNatt's constitutional right of confrontation.

For these reasons, we affirm the judgment of the District Court.

_____
                Justice

11

We concur:

_S. A. Turnage_
Chief Justice

_John Conway Harrison_

_William E. Hunt Sr._

_R. C. McDonough_

_Fred J. Weber_

_Karla M. Gray_
Justices

12