No. 92-500

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

CITY OF HELENA,

Plaintiff and Respondent,

-vs-

CONNIE LYNN KRAUTTER,

Defendant and Appellant.

FILED

18 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Connie L. Krautter, Pro Se, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Patricia
J. Jordan, Assistant Attorney General, Helena,
Montana

Submitted on Briefs: April 8, 1993

Decided: May 18, 1993

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Connie Lynn Krautter (Krautter) was convicted of criminal trespass, a misdemeanor, in Helena Municipal Court. She appeals an order of the First Judicial District Court, Lewis and Clark County, affirming the Municipal Court conviction and denying her motion to dismiss. We affirm.

Krautter was arrested at the Intermountain Planned Parenthood Clinic in Helena, Montana, on December 6, 1991, for violating § 45-6-203, MCA. This statute makes it a crime to enter or remain unlawfully on the premises of another. The primary issue on appeal is whether Krautter had a constitutional right of access to private property for the purpose of exercising her right of free speech.

At the time of her arrest, Krautter was sitting on a concrete step at the west door of the clinic. She was part of an anti-abortion demonstration that included approximately forty people. With Krautter at the west door was a group of three people who had locked themselves together with bicycle locks. Krautter had not locked herself to this group.

"No trespassing" signs were posted around the perimeter of the clinic property. Like most of the other people at the demonstration, Krautter had stationed herself within the area defined by those signs. Shortly after the demonstration began, and before any patients had arrived at the clinic, the clinic manager and a police officer asked everyone to leave. About twenty-five people moved from the clinic property to the sidewalk or street. The remaining demonstrators, including Krautter, were arrested and

2

charged with trespass and disorderly conduct.

The Helena Municipal Court found that Krautter was not guilty of disorderly conduct but guilty of criminal trespass, for which she was fined $240. Krautter appealed to the District Court, which heard the case on August 3, 1992. Shortly after the hearing, Krautter moved to dismiss the charge against her on the grounds that she was on the clinic property to exercise her constitutional right of free speech by discussing "physical, emotional, and psychological injuries that have occurred to other women at women's health clinics" with any interested women entering the clinic that day, and that she had no other reasonable opportunity to convey her message to her intended audience.

On August 21, 1992, the District Court issued its decision, denying Krautter's motion and finding her guilty of trespass. Krautter appealed.

The trespass charge and conviction clearly are correct. Under § 45-6-203, MCA, a person "commits the offense of criminal trespass to property if he knowingly enters or remains unlawfully in or upon the premises of another." "Enter or remain unlawfully," as defined in § 45-6-201, MCA, means to enter or remain without the permission of the landowner or other authorized person. Here, Krautter entered an area marked by "no trespassing" signs and remained there after an "authorized person"--the clinic manager--had asked her to leave.

Krautter admits that she trespassed but contends that the fine was improper because she entered and remained on the clinic

3

property to exercise the right of freedom of speech guaranteed by the First Amendment and by the Montana Constitution, Art. II, § 7. She argues that § 45-6-203, MCA, is unconstitutional because it does not allow for protected speech on private property.

The City of Helena, represented here by the Montana Attorney General's office, argues that we should not address the state constitutional issue because it was not raised in the District Court. See State v. Blalock (1988), 232 Mont. 223, 756 P.2d 454 (defendant barred from raising issue of trespass statute's constitutionality because he did not raise it at trial).

It is true that at the District Court hearing Krautter, representing herself, relied solely on United States Supreme Court cases that balance First Amendment rights against private property rights. Although no Montana case addresses the relation between property rights and freedom of speech, we concluded in City of Billings v. Laedeke (1991), 247 Mont. 151, 158, 805 P.2d 1348, 1352, that Art. II, § 7 provides no greater protection for free expression than does the United States Constitution. Thus, if the trespass statute is constitutional under the First Amendment, it is also constitutional under Art. II, § 7, Mont.Const., which provides in pertinent part that:

> No law shall be passed impairing the freedom of speech or expression. Every person shall be free to speak or publish whatever he will on any subject, being responsible for all abuse of that liberty.

The constitutionality of a statute is presumed; the party challenging it must prove beyond a reasonable doubt that it is unconstitutional. Laedeke, 805 P.2d at 1349, citing Fallon County

4

v. State (1988), 231 Mont. 443, 445, 753 P.2d 338, 339. The United States Supreme Court has held that "[i]t would be an unwarranted infringement of property rights to require them to yield to the exercise of First Amendment rights . . . where adequate alternative avenues of communication exist." Lloyd Corp., Ltd. v. Tanner (1972), 407 U.S. 551, 567, 92 S.Ct. 2219, 2228, 33 L.Ed.2d 131, 141. Here, the District Court found that Krautter did have alternative avenues of communication. We conclude that Krautter has not proved that she had no alternative avenue of communication and that the Montana trespass statute does not violate the First Amendment.

The question remains as to whether Krautter has a constitutional right of access to private property for the purpose of exercising her right of free speech.

Krautter relies on United States Supreme Court cases, particularly Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, Inc. (1968), 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603; and Lloyd. In both cases the Supreme Court recognized that a privately-owned shopping center has many of the attributes of a public forum. In Logan Valley, it held that "the State may not delegate the power, through the use of its trespass laws, wholly to exclude those members of the public wishing to exercise their First Amendment rights on the premises in a manner and for a purpose generally consonant with the use to which the property is actually put." 391 U.S. at 319-320. But in Lloyd the Court effectively overruled Logan Valley.

5

_Lloyd_ held that shopping center management could enforce a policy prohibiting the distribution of handbills in the shopping center, where the handbills "had no relation to any purpose for which the center was built and being used," and people had ample opportunity to distribute handbills in public areas. 407 U.S. at 564-567. The Supreme Court concluded in _Lloyd_, and reiterated in Hudgens v. National Labor Relations Board (1976), 424 U.S. 507, 519, 96 S.Ct. 1029, 1036, 47 L.Ed.2d 196, 206, that

> the First and Fourteenth Amendments safeguard the rights of free speech and assembly by limitations on _state_ action, not on action by the owner of private property used nondiscriminatorily for private purposes only.

Unless a shopping center has assumed "all of the attributes of a state-created municipality, . . . performing the full spectrum of municipal powers," the Court held, members of the public do not have the same right of free speech in the streets and sidewalks of a shopping center as they would have in similar public facilities in the streets of a city or town. _Lloyd_, 407 U.S. at 569 (distinguishing Marsh v. Alabama (1945), 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265, which held that a state could not enforce a prohibition of expressive activity in a shopping center or "company town" with attributes of a municipality).

Here, Krautter has not shown or even argued that the Intermountain Planned Parenthood Center is a public facility. It is not even the type of quasi-public facility that figured in _Logan Valley_ and _Lloyd_. Even if it were, Krautter still would have to show that no reasonable alternative to convey her message existed. She asserts that "the only way for her to communicate her

6

information to the target audience who could most benefit from her information was to be on the property of the Planned Parenthood clinic." As the District Court pointed out, however, "nothing . . . has been shown to this court that persons driving up to the clinic could not see her picketing in the street and would not have been able to stop and talk with her if they so desired."

Since 1976, when Hudgens was decided, courts have protected speech on private property under very limited circumstances. The United States Supreme Court held, in Pruneyard Shopping Center v. Robins (1980), 447 U.S. 74, 81, 100 S.Ct. 2035, 2040, 64 L.Ed.2d 741, 752, that a state could adopt in its own constitution "individual liberties more expansive than those conferred by the Federal Constitution," and affirmed a California Supreme Court decision holding that a privately owned shopping center could not prevent speech and petitioning, reasonably exercised, within the shopping center. The Court clearly distinguished Lloyd, where the state constitution did not create "rights to the use of private property by strangers, comparable to those found to exist by the California Supreme Court." 447 U.S. at 81.

We do not find in Art. II, § 7 of the Montana Constitution any right to "the use of private property by strangers" that would entitle Krautter to access to clinic property for purposes of conveying a message to the clinic's invitees.

Many other state courts have been asked to reverse trespass convictions based on facts similar to those in the case before us; none have found that anti-abortion demonstrators have a right to

7

trespass on private property to express their views. See, e.g., Fardig v. Municipality of Anchorage (Alaska App. 1990), 785 P.2d 911, modified, 803 P.2d 879 (1990) (affirming a trespass conviction; the defendant's free speech claims failed because a small, privately owned and operated health service commercial enterprise for profit is "not even remotely similar to the company town in Marsh"); Brown v. Davis (N.J. Super.Ch. 1984), 495 A.2d 900, aff'd sub nom. State v. Brown (N.J. Super. A.D. 1986), 513 A.2d 974 (trespass conviction of a woman who refused a request to leave while placing handbills on cars in an abortion-clinic parking lot was sustained even though the court found that "the New Jersey State Constitution has been interpreted more broadly than the Federal Constitution to permit the exercise of expressional rights on private property"); Planned Parenthood League of Mass., Inc. v. Operation Rescue (Mass. 1990), 550 N.E.2d 1361 (preliminary injunction enjoining Operation Rescue members from engaging in trespass and other illegal activities was not overbroad and did not prohibit exercise of First Amendment rights); People v. Yutt (Ill. App. 1992), 597 N.E.2d 208, cert. denied, 606 N.Ed.2d 1234 (1992) (criminal trespass conviction did not violate the defendants' free speech rights because the clinic, which leased a portion of a shopping center including the adjoining sidewalk and parking lot, had not opened its property as a public forum and had excluded all demonstrators regardless of their beliefs); and City of Sunnyside v. Lopez (Wash. App. 1988), 751 P.2d 313 (criminal trespass conviction upheld because the complex of professional offices in

8

which the defendant was arrested was not sufficiently open to the public to lose its character as private property).

We hold that neither the First Amendment nor Art. II, § 7 of the Montana Constitution entitles Krautter to have access to Planned Parenthood's property in order to exercise her right of free speech.

Affirmed.

_____
                                        Justice

We concur:

_____
        Chief Justice

_____

_____

_____
        Justices

9

May 18, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Connie L. Krautter
524 First St.
Helena, MT 59601

Hon. Joseph P. Mazurek, Attorney General
Patricia J. Jordan, Assistant
215 N. Sanders, Justice Building
Helena, MT 59620

Robert J. Wood
City Attorney
228 Broadway
Helena, MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy