DA 20-0048

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 206N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

CHRISTIAN NYANFORE,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 18-152
Honorable Rod E. Souza, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Moses Okeyo, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

          Scott Twito, Yellowstone County Attorney, Molly Rose Fehringer,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  July 28, 2021

Decided:  August 17, 2021

Filed:

               _____
                           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Christian Nyanfore challenges his conviction after jury trial for felony assault on a peace officer, arguing the District Court should have ordered a new trial after concluding during a sentencing hearing that a complete breakdown of attorney-client communications had occurred; or, alternatively, that he is entitled to a new trial or new sentencing hearing because his attorneys breached their duties of loyalty and confidentiality in answering questions posed by the District Court.

¶3 Nyanfore was initially charged with assault with a weapon, two counts of misdemeanor partner or family member assault (PFMA), nine counts of violation of a "no contact" order, and tampering with witnesses. A jury found him guilty of the PFMA and no contact charges, and not guilty of other charges. While these charges were pending, Nyanfore was charged with felony assault on a detention officer, for which he was also convicted after a second jury trial. After a combined sentencing proceeding, which was interrupted by the events giving rise to this appeal, Nyanfore was sentenced in both cases. Nyanfore moved this Court to consolidate the two proceedings for purposes of appeal, which was granted, but he challenges only his conviction for assault of a peace officer.

2

¶4 Nyanfore was represented in both cases by Nicole Gallagher and George Isham. After Nyanfore's second trial, a combined sentencing hearing was scheduled for April 17, 2019. At the hearing, the State and Defense presented evidence and made respective sentencing arguments and recommendations, during which Nyanfore answered questions about his history and about letters submitted on his behalf. Thereafter, the District Court provided Nyanfore an opportunity to address the court. Nyanfore stated that he felt "no justice has been served, because the jury has convicted me of a crime that I am not—that I am innocent of." He referenced his unfamiliarity with Montana law and stated, "I wasn't fully aware that I—I had any other option than to keep my attorney with the Public Defender's Office because I've been unsatisfied with the—with his representation of me." At that point, the District Court stated, "hold on, hold on," and asked Nyanfore if he was intending to offer a complaint about his attorneys. Despite Nyanfore's initial answer, "no, no, no," the District Court explained that Nyanfore was guaranteed effective assistance of counsel under the United States and Montana Constitutions, and advised Nyanfore that, if he had complaints about his attorneys, "this is the time, so let's hear it."

¶5 Nyanfore then read from a statement that addressed the composition of the jury, his family's need for him to be a provider, his desire for the no contact order to be lifted, his commitment to being a law-abiding citizen, and his request for a deferred sentence. After Nyanfore thanked the court and finished, the District Court replied, "Well, you need to go back to the part where you were complaining about your lawyers. That's my present concern." In response, Nyanfore, speaking about the charge for assaulting an officer, stated

3

that Isham had "overlooked" and failed to introduce two other detention center videos "that clearly show that I did not strike anyone," that Nyanfore had provided witnesses that Isham had not interviewed, and that Isham "was not working in my favor, but in the favor of the district attorney."

¶6 The District Court asked other parties to leave the courtroom and engaged Isham and Gallagher in a series of questions about Nyanfore's complaints, in response to which the attorneys explained the trial decisions they had made regarding the videos and witnesses, as well as their communications with Nyanfore about those issues. In reply, Nyanfore gave a lengthy rebuttal to his attorneys' explanations, rebutting the video, the witnesses, and the lack of communication about these issues, stating, ". . . Mr. Isham never told me whether like—he said like the—this was the best version [of the video]. We never even—he never—we never even talk[ed] about that."

¶7 After receiving this and further statements from Nyanfore and his attorneys, the District Court concluded that Nyanfore had not raised threshold showing of a "seemingly substantial complaint" about the effectiveness of his attorneys, but that "a second issue" remained concerning "whether or not the attorneys believe they can continue to represent you due to a break down in communication." In response, Gallagher stated that she and Isham had already, during the hearing, violated their duty of confidentiality to Nyanfore by responding to the court's questions, but that Nyanfore's complaints were "not well-taken, he either doesn't understand or is unwilling to take legal advice . . . we just— we have an impasse of communication on both attorneys' parts." Isham concurred. After

4

being equivocal throughout the hearing about wanting a new attorney, Nyanfore eventually asked for new counsel, and the District Court granted his request, relieving Gallagher and Isham and ordering appointment of new counsel.

¶8    Nyanfore's new counsel, Mathew C. Claus, moved to strike the statements or testimony given by Gallagher and Isham during the April 17, 2019 hearing, arguing the statements were a violation of the duty of confidentiality to Nyanfore. The District Court denied the motion, reasoning that, to the extent it had erred by asking questions that revealed possible trial strategy, "trial strategy and issues of the ability of Mr. Nyanfore and his attorneys to communicate were inextricably intertwined," and that, "[e]ven if the Court procedurally erred regarding *Gillham*[1] or depth of inquiry, Mr. Nyanfore was not substantially prejudiced" because he had received the relief he had sought, appointment of new counsel, the statements by counsel would have no effect on sentencing, and a future ineffective assistance of counsel claim by Nyanfore was not precluded. Sentencing proceeded on October 18, 2019, at which the prosecutor explained the parties would "redo the entire [sentencing] hearing." When Nyanfore was again provided an opportunity to address the court, he reiterated his criticism of his attorneys' trial efforts, stating "I would

---

[1] *See In re Petition of Gillham*, 216 Mont. 279, 704 P.2d 1019 (1985) regarding the procedure for requiring defense counsel to respond to a claim of ineffective assistance. During the April 17, 2019 sentencing hearing, the District Court had stated, "[i]f this was a situation with a contested hearing with all parties present, I would make sure there was a *Gillam* [sic] order in place, that's not necessary. I need to make some initial findings on a seemingly substantial complaint."

5

like to make a record of my ineffective claim." Thereafter, sentences in both of Nyanfore's proceedings combined for sentencing were imposed by the District Court.

¶9      On appeal, Nyanfore argues his statements before the District Court "proved" that he received ineffective assistance of counsel (IAC) during his trial for assault on a peace officer, due to the breakdown in communications found by the District Court, which entitles him to a new trial. IAC claims are mixed questions of law and fact for which this Court conducts *de novo* review, *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861 (citing *State v. Racz*, 2007 MT 244, ¶ 13, 339 Mont. 218, 168 P.3d 685), while a district court's grant or denial of a motion for new trial is reviewed for abuse of discretion and will not be reversed "unless the defendant demonstrates he was deprived of a fair and impartial trial," *State v. Rennaker*, 2007 MT 10, ¶ 29, 335 Mont. 274, 150 P.3d 960 (citing *State v. McNatt*, 257 Mont. 468, 471, 849 P.2d 1050, 1052 (1993)). However, neither standard of review fits the unique arguments made here, as Nyanfore did not move for a new trial, and neither did his untested complaints about his counsel "prove" an IAC claim. Indeed, we have held that mid-proceeding complaints concerning counsel by a defendant do not provide an appropriate forum to make IAC claims. *See State v. Johnson*, 2019 MT 34, ¶ 19, 394 Mont. 245, 435 P.3d 64 (overruling prior case law to the extent that "[a] defendant is not entitled to substitute counsel based on a general claim of ineffective assistance of counsel") (footnote omitted); *State v. Aguado*, 2017 MT 54, ¶ 25, 387 Mont. 1, 390 P.3d 628 (stating that "an inquiry into a complaint of ineffective assistance for purposes of substitution of counsel should not become *Strickland* litigation to resolve the

6

merits of such claims."). In any event, Nyanfore's complaints did not prove an IAC claim and did not establish a basis for a new trial and, as the District Court noted, Nyanfore is not precluded from making an IAC claim in the appropriate forum. The District Court found Nyanfore's complaints, along with counsel's comments, justified substitution of counsel for the ongoing proceeding, and Nyanfore was granted that relief.

¶10 Nyanfore also argues he is entitled to a new trial or resentencing before a new judge in light of the breakdown of communication found by the District Court, and because his attorneys improperly "disgorge[d] privileged communication" and abandoned him, giving rise to a presumption of prejudice. We disagree. The District Court acknowledged that some of its questioning may have exceeded the inquiry necessary to assess Nyanfore's basis for appointment of new counsel, and we have acknowledged that district courts walk a fine line in addressing these intertwined issues. *See Johnson*, ¶ 20 (stating that "[d]isagreement between counsel and defendant over matters such as defense tactics and trial strategy—issues potentially relevant to an ineffective assistance of counsel claim— could certainly lead to an irreconcilable conflict or complete breakdown in communication, justifying substitute counsel."). Nonetheless, we concur with the District Court that Nyanfore received the relief he requested, and was not substantially prejudiced by the April 17, 2019 proceeding.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent

or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law.

¶12 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA