No. 83-329

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DONALD F. LLOYD,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Allen Beck, Billings, Montana

For Respondent:

Mike Greely, Attorney General, Helena, Montana
Harold F. Hanser, County Attorney, Billings,
Montana

---

Submitted on Briefs: December 15, 1983

Decided: February 16, 1984

Filed: FEB 16 1984

*Ethel M. Harrison*

—————————————————————
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant Donald Lloyd, appeals his conviction and sentence for felonious issuing of bad checks from the Thirteenth Judicial District Court, Yellowstone County. We affirm.

On December 18, 1981, defendant purchased three cars from Billings Auto Auction, and signed three checks drawn on defendant's Spokane bank in payment. The checks were made out in the amounts of $3,200, $1,765 and $1,365. The defendant testified that he paid for the three cars with cash, but left four signed blank checks with the company in payment for other bills. In contrast, the president of Billings Auto Auction, Dinkel, testified that his secretary filled out three checks and defendant signed the checks in Dinkel's presence. All three checks were returned unpaid. Defendant testified that Dinkel knew at the time of signing that the checks were not to be sent to deposit until the next week.

On January 12, 1982, Dinkel notified defendant by certified mail that the checks were returned by the bank. Defendant signed the return receipt, but did not respond to the letter nor pay the checks. In February, defendant contacted his attorney in Spokane for advice, and was advised not to pay the checks because of a defect in one of the cars. Defendant's attorney believed a set off existed under the Uniform Commercial Code.

An information was filed March 23, 1982, charging defendant with the felony of issuing a bad check. Jury trial was held on December 14, 1982, and defendant was found guilty.

During the trial, counsel for the State objected to questions asked of defendant's Spokane attorney. The

questions were designed to demonstrate that defendant did not pay the checks because one of the cars he bought was defective, not because of a criminal mental state. The following transpired in the presence of the jury:

> "MR. HOEFER: Your Honor, again I would object to this line of questioning. The conclusions are based on what may amount to self serving interest of the Defendant, and consequently he is acting as a trier of fact here which is the jury's province.
>
> "MR. BECK: May I respond, your Honor?
>
> "THE COURT: I don't understand your objection. You've got to -- can you state what it is again?
>
> "MR. HOEFER: Your Honor, the basic objection is that his contact with his attorney and the recommendations of his attorney are not pertinent to the case. They are not part of the res gestae, and consequently they are --
>
> "THE COURT: Well, they are hearsay, but --
>
> . . .
>
> "THE COURT: There is a presumption created which the statute and -- but I don't know why you couldn't rebutt [sic] it, but --
>
> "MR. BECK: I would submit, your Honor, that it would be rebutted by what he did, and what he did is relevant to that issue, and that's the sole purpose for what this evidence is submitted.
>
> "THE COURT: Well, I'm going to overrule the objection to that extent; however, obviously it is self serving. There is no question about it.
>
> "MR. BECK: It's being offered, your Honor, for that limited purpose, that is, what did he do.
>
> "THE COURT: Well, anyhow, go ahead and ask your question.
>
> "MR. BECK: Thank you, your Honor."

Defendant contends the statement of the court that the testimony is self-serving was prejudicial comment upon the evidence. The defendant also assigned error to the court asking the witness, "do you practice criminal law?"

Five letters of recommendation were submitted to the trial court and the adult probation officer in charge of the

3

presentence investigation. On February 2, 1983, defendant was sentenced to five years in prison.

Two issues are raised on appeal. First, whether the trial court's statements and questions were comments on the evidence amounting to reversible error. Second, whether the trial court abused its discretion in sentencing the defendant.

Defendant argues that statements such as those of the trial court are proscribed by Rule 614(b) M.R.Evid. We need not consider the error as defendant did not object at trial. State v. Bier (1979), 181 Mont. 27, 34, 591 P.2d 1115, 1119; State v. Jensen (1969), 153 Mont. 233, 236, 455 P.2d 631, 632-33.

Furthermore, we refuse to invoke the plain error doctrine. Any prejudice generated by the statements of the court would be too slight to be reversible error. Indeed, under these circumstances, any technical error would be rendered harmless by the court's instruction to disregard comments of the court. State v. Inich (1918), 55 Mont. 1, 173 P.230.

It is clear that the statement of the court regarding the self-serving nature of testimony was part of the court's ruling on the evidentiary objection. It was not directed at the jury. In ruling on such objections the trial judge may be unable to avoid expressing some opinion regarding the value or weight of evidence. State v. Dixson (1927), 80 Mont. 181, 212, 260 P.138, 149.

The question regarding the lawyer's area of practice is not prejudicial. In fact the question would have appropriately been asked by counsel.

Defendant next contends that the sentencing judge failed to evaluate all available sentencing information before

4

sentencing. Specifically, defendant claims the court gave no weight to the unrebutted statements of several Spokane residents.

We will not review a sentence on appeal for mere inequity or disparity. Such a review is to be conducted by the Sentence Review Division. State ex rel. Greely v. District Court (1979), 180 Mont. 317, 327, 390 P.2d 1104, 1110. Rather, this Court will only review sentences for their legality. The standard for such review is whether the court abused its discretion in the sentencing process. State v. White (Mont. 1982), 39 St.Rep. 1619, 650 P.2d 765.

Whatever weight the court afforded the statements of the Spokane residents, it is clear he felt these recommendations were outweighed by the defendant's present conduct, found by the jury to be felonious, and his past record, including grand larceny by check at the age of 34.

The sentence to be imposed is properly vested in the sound discretion of the court. We find no abuse of this discretion.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice Daniel J. Shea will file a special concurring opinion later.

5