No. 87-346

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

CRUZ DAVID ALMANZA,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

J. Vaughan Barron, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert F.W. Smith, Asst. Atty. General, Helena
Harold Hanser, County Attorney, Billings, Montana
Donna K. Heffington, Deputy County Atty., Billings

Submitted on Briefs: Oct. 1, 1987

Decided: December 16, 1987

Filed: DEC 1 6 1987

_Ethel M. Harrison_
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendant Almanza appeals a judgment and sentence imposed upon him by the Yellowstone County District Court. Almanza, in a second amended information filed on May 20, 1987, was charged with the offenses of felony aggravated burglary and felony attempted mitigated deliberate homicide pursuant to §§ 45-6-204(2) and 45-4-103, MCA, respectively. Almanza plead guilty to the charges. The State's affidavit and motion for leave to file an information identifies the following facts regarding Almanza's crimes:

> Shortly after 9:00 p.m., on January 22, 1987, Billings Police Officers responded to a reported disturbance with shooting . . . They were met in the living room by a man who was identified as defendant, Cruz David Almanza; he handed them two pistols, a .22 and a .38 saying, "I shot him." Investigation and statements taken from Wanda Almanza and Dennis Russell revealed that a doorknob had been shot off by defendant using a .12-gauge shotgun in order to gain entry to the locked house where his estranged wife was living. Defendant had not lived in the house since early fall of 1986. Defendant called the house several times the evening of January 22, 1987, to ascertain that the children were not present and that Wanda Almanza and Dennis Russell were present; he said to Wanda Almanza, "You pushed me too far; I'm going to do it." When defendant forcibly entered the house, he was carrying a .12 gauge shotgun and had a .22 pistol and a .38 pistol tucked into the back of his jeans. Wanda Almanza called 911 before defendant entered her home. When defendant shot the doorknob, she feared

2

for her life and ran to her bedroom for a gun, a .22. As she came out, defendant pointed the shotgun at her and said, "Do you want to get it too?" Wanda Almanza put the .22 away. Dennis Russell was sitting at the kitchen table. When defendant entered, he moved to a glass patio door and tried to escape. Defendant shot the .12 gauge shotgun at him, blasting a hole in the patio door and leaving several shotgun pellets in Dennis Russell's arm. Defendant again fired the shotgun at him, this time leaving pellets in Dennis Russell's face and damaging a basement door and carpet. Defendant then flung away the shotgun, drew both pistols and said, "I am going to kill him." As Wanda Almanza pleaded with him to leave, defendant descended the stairs, and, from two to three feet away, fired a .38 caliber pistol directly in the face of the victim, Dennis Russell . . . Dennis Russell suffered serious and disfiguring injury to his teeth and jaw; the shell fragments and bits of tooth and filling were in such proximity to spinal cord and major arteries that they posed a serious threat to Dennis Russell's life.

On July 6, 1987, the District Court sentenced Almanza to Montana State Prison for fifteen years on the felony aggravated burglary charge, thirty years on the felony attempt charge, two additional years for the use of a firearm in the commission of felony aggravated burglary, and an additional ten years for use of a firearm in the commission of felony attempted mitigated deliberate homicide. Almanza was designated a nondangerous offender. The District Court also ordered that the sentences be served concurrently with credit for time served in the Yellowstone County Jail. Almanza appeals the sentence and we identify the following

issue: Did the District Court abuse its discretion when it sentenced Almanza to thirty concurrent years after first designating him to be a nondangerous offender?

Section 46-18-101, MCA, provides in pertinent part as follows:

> (3)(a) Sentences imposed upon those convicted of crime must be based primarily on the following:
>
> (i) the crime committed;
>
> (ii) the prospects of rehabilitation of the offender;
>
> (iii) the circumstances under which the crime was committed; and
>
> (iv) the criminal history of the offender.
>
> (b) Dangerous offenders who habitually violate the law and victimize the public shall be removed from society and correctively treated in custody for long terms as needed. Other offenders shall be dealt with by probation, suspended sentences, or fine whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the individual.

Almanza urges this Court to construe the above statute to require sentences of "probation, suspended sentence, or fine" for offenders found to be nondangerous. He contends that the District Court did not address whether it would be "practicable and not detrimental to the needs of public safety and welfare of the individual" to deal with him by methods other than incarceration. Almanza requests that this

4

Court remand the case to the District Court for consideration of these factors and resentencing.

The District Court imposed the sentence for the following reasons:

> 1. The defendant has a good work history, and no prior felony convictions.
>
> 2. The Court has reviewed the presentence report, has read the letters, and has reviewed the testimony of the previous hearing in March, 1987, and reviewed the Offer of Proof submitted by the State.
>
> 4. The crimes involved significant violence by defendant, very nearly resulting in a homicide, and placing other persons in grave fear.
>
> 5. Defendant used deadly weapons in the commission of the crimes.
>
> 6. The two crimes occurred as parts of one event; hence, it is appropriate that they be served concurrently.

We have previously set forth the standard of review in matters such as presented by this appeal:

> We will not review a sentence on appeal for mere inequity or disparity. Such a review is to be conducted by the Sentence Review Division. State ex rel. Greely v. District Court (1979), 180 Mont. 317, 327, 590 P.2d 1104, 1110. Rather, this Court will only review sentences for their legality. The standard for such review is whether the court abused its discretion in the sentencing process. State v. White (Mont. 1982), 39 St.Rep. 1619, 650 P.2d 765.

5

State v. Lloyd (Mont. 1984), 676 P.2d 229, 231, 41 St.Rep. 263, 266.

The sentences imposed in this case are within the legal limits as set forth in the applicable statutes. The District Court considered the required factors as listed in § 46-18-101(3), MCA. Accordingly, we hold that the District Court did not abuse its discretion. The foregoing decision does not effect any right to relief Almanza may have with the Sentence Review Division.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6