No. 89-541

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

MARK GORDER,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and for the County of Powder River,
The Honorable Kenneth R. Wilson, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Russell K. Jones, Kaiser & Douglass, Spokane,
Washington

       For Respondent:

              Honorable Marc Racicot, Attorney General, Helena,
Montana
Elizabeth S. Baker, Asst. Atty. General, Helena,
Montana
Cynthia K. Thornton, Powder River County Attorney,
Broadus, Montana

Submitted on Briefs: April 19, 1990

Decided: May 16, 1990

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Mr. Gorder appeals his conviction of conspiracy to possess dangerous drugs with intent to sell following a jury trial in the Sixteenth Judicial District, Powder River County, Montana. We affirm.

We will rephrase the issue raised for review as follows: Can defendant challenge jury instructions in a petition for post-conviction relief when defendant failed to object to the disputed instructions at trial?

On June 19, 1988, twenty-nine U-Haul boxes were discovered on a rural road in Powder River County. The boxes were found to contain approximately 778 pounds of marijuana. Law enforcement officers eventually arrested Ronald Amerline and his brother, Jody Scott Amerline, in connection with possessing and abandoning the marijuana. Ron Amerline pled guilty to possession of marijuana with intent to distribute, and Jody Amerline pled guilty to possession.

At trial, the prosecution contended that Mr. Gorder conspired with Ron Amerline to transport marijuana from Tucson, Arizona to Buffalo, New York on three occasions. Ron Amerline, a co-conspirator, testified for the prosecution during Mr. Gorder's trial.

Essentially, Mr. Gorder argues that the District Court erred in instructing the jury regarding how to properly evaluate a co-conspirator's testimony. However, Mr. Gorder concedes that he

2

cannot directly appeal this alleged error because the defense failed to object to the disputed instructions at trial. See § 46-20-104(2), MCA. Since he cannot appeal this issue, Mr. Gorder asks this Court to construe this appeal as a petition for post-conviction relief.

Section 46-21-103, MCA, provides for the commencement of a petition for post-conviction relief with this Court. Further, the record before us substantially complies with § 46-21-104, MCA, which sets forth the required contents of a petition for post-conviction relief. Therefore, in the interests of judicial economy, we will grant defendant's request and consider this action as a petition for post-conviction relief.

Not all allegations of error may be raised in a petition for post-conviction relief. In pertinent part, § 46-21-105, MCA, states:

> When a petitioner has been afforded a direct appeal of his conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in his original or amended petition.

The purpose of the above waiver provision is to preserve the integrity of the trial and direct appeal and to prevent abuse of the post-conviction relief process.

In this case, defendant, through a petition for post-conviction relief, hopes to make an end run around the procedural default provision in § 46-20-104, MCA. Not only did defendant run afoul of § 46-20-104, MCA, which requires timely objections at trial to preserve issues for appeal, but defendant also violated

3

§ 46-16-401(4), MCA. That statute specifically requires counsel to register any objections to instructions before they are submitted to the jury.

Defendant offers no excuse for failing to object at trial. He does not argue that during the settling of instructions he could not reasonably have complied with the procedural requirements of § 46-20-104, MCA, and § 46-16-401(4), MCA. Since objections to the instructions could reasonably have been raised at trial, those grounds for relief could reasonably have been available for direct appeal. To allow defendant to raise an issue in post-conviction relief that he could reasonably have preserved for direct appeal constitutes an abuse of process.

> Abuse of process occurs where an applicant raises in post-conviction proceedings a factual or legal contention which the petitioner deliberately or inexcusably failed to raise in the proceedings leading to conviction, or having raised the contention in the court, failed to pursue the matter on appeal.

McKenzie v. Osborne (1981), 195 Mont. 26, 34, 640 P.2d 368, 373. We hold that defendant's claim for post-conviction relief is barred by § 46-21-105, MCA.

To hold otherwise would seriously undermine the effectiveness of the procedural default provisions. The procedural default provisions serve an important purpose in the administration of justice because they ensure that all possible errors in the trial process are asserted and considered by the trial court. Thus the procedural default provisions promote the central function of the trial court which is to provide an accused with a fair trial.

4

In summary, Gorder waived his right to directly appeal the jury instruction issue. Since he has not demonstrated that he could not lodge his objections during trial, the waiver carries into the post-conviction process via § 46-21-105, MCA. Defendant's petition for post-conviction relief is dismissed for failure to state a claim upon which relief can be granted.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices