# IN RE THE PETITION OF FAYE SLICE

No. 95-134.
Decided June 1, 1995.
52 St.Rep. 472.
271 Mont. 337.
896 P.2d 1125.

## ORDER

Faye Slice, pro se, has filed herein her petition for postconviction relief in connection with sentences from Yellowstone and Missoula Counties. The Attorney General for the State of Montana has filed his response. On the basis of our review of the petition, response and the record, we conclude that petitioner's claims challenging the legality of her sentences are procedurally barred. Petitioner claims that various information should have been either included or excluded from the Yellowstone County presentence investigation report. However, petitioner voiced none of her objections regarding that

report to the sentencing court, although she took the opportunity at the Yellowstone County sentencing hearing to make minor corrections to the report, submit additional information to the District Judge and address other matters. Moreover, petitioner made no objection in either Yellowstone County or Missoula County proceedings regarding her claim that her probation officer had a conflict of interest or failed to meet with family members or present favorable evidence. Absent a contemporaneous objection, petitioner's claims have not been properly preserved for review and are waived. *State v. Wild* (1994) 266 Mont. 331, P.2d 840, 844; *State v. Gorder* (1990) 243 Mont. 333, 334-36, 792 P.2d 370, 371; § 46-20-104, MCA. Additionally, petitioner's claims are now procedurally barred from further review because she had the opportunity to raise those same issues on direct appeal but failed to exercise that right. Sections 46-20-104, 46-21-101(1) and 46-21-105(2), MCA; and see, *MeKenzie v. Osborne* (1981) 195 Mont. 26, 35, 640 P.2d 368, 373; *State ex rel. Greely v. District Court* (1979) 180 Mont. 317, 327, 590 P.2d 1104, 1110; *Tecca v. McCormick* (1990) 246 Mont. 317, 318, 806 P.2d 11, 12.

■ We also conclude that petitioner's challenges to the equity of her sentences in Yellowstone and Missoula Counties were previously reviewed by the Sentence Review Division and, therefore, may not be raised in her petition for postconviction relief. It is well established that review of sentences for mere inequity or disparity must be conducted by the Sentence Review Division in accordance with statutes applicable to those proceedings. *State v. Almanza* (1987) 229 Mont. 383, 386, 746 P.2d 1089, 1090-91. Moreover, the decision by the Sentence Review Division is final. Section 46-18-905, MCA. See also *State ex rel Greely*, 590 P.2d at 1110. Accordingly, having carefully considered petitioner's petition,

IT IS ORDERED that petitioner's petition for postconviction relief should be and the same is, hereby, DENIED.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this order by mail to petitioner at the Women's Correctional System, to the Yellowstone and Missoula Counties Attorney and to the Attorney General for the State of Montana.

Dated this 1st day of June, 1995.

/S/ J. A. TURNAGE, Chief Justice
/S/ KARLA M. GRAY, Justice
/S/ TERRY N. TRIEWEILER, Justice
/S/ WILLIAM E. HUNT, SR., Justice
/S/ JAMES. C. NELSON, Justice
/S/ W. WILLIAM LEAPHART, Justice