NO. 95-282

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

Plaintiff and Respondent,

BRYAN KEITH ALLEN,

Defendant and Appellant.

OCT 08 1996

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Third Judicial District,
                In and for the County of Deer Lodge,
                The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Sherry Petrovich Staedler, Public Defender Project,
            Anaconda, Montana

        For Respondent:

            Hon. Joseph P. Mazurek, Attorney General,
            Micheal Wellenstein, Ass't Attorney General,
            Helena, Montana

            Edward G. Beaudette, County Attorney,
            Anaconda, Montana

                        Submitted on Briefs:  August 29, 1996

                                    Decided:  October 8, 1996

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court

Bryan Keith Allen (Allen) appeals from the judgment and sentence of the Third Judicial District Court, Deer Lodge County, jury verdict convicting him of assault, aggravated burglary, and aggravated assault. We affirm.

We restate the following issues raised by Allen:

(1) Did the District Court abuse its discretion in permitting the State to amend its information after the State's case-in-chief?

(2) Did the District Court err in denying Allen's motion for a directed verdict?

(3) Did the District Court abuse its discretion by not admitting testimony of the victim's character?

(4) Did the District Court increase Allen's punishment because he exercised his constitutional right to a trial?

BACKGROUND

Allen and Sandra Evans (Evans) had been involved in a turbulent relationship for several years. One evening in April, 1994, Allen and Evans began arguing at a local tavern. After this argument, Allen went to Evans' home and requested permission to enter. After Allen entered Evans' home, they began arguing. The argument became violent and Allen started head butting Evans in the face and banging her head against the wall. Allen then twisted her neck and told her that he "ought to just beat her to death." Allen proceeded to throw Evans into the bathtub and threatened to drown her. From this assault, Evans suffered a broken nose and numerous cuts and bumps on her face.

While Allen was beating Evans, Evans' son, D.E., was awakened. D.E. telephoned his grandparents. After Evans was able to escape from the house, Allen approached D.E. and asked him where Evans had gone. Allen then put D.E. behind a door and began hitting D.E. with the door. When D.E.'s grandparents arrived at Evans' home, Allen left. The police were contacted and eventually apprehended Allen.

In May of 1994, the State of Montana charged Allen by information with assault (against D.E.) and aggravated assault (against Evans). In June of 1994, the State amended the information by adding the charges of aggravated burglary and attempted deliberate homicide (of Evans). In the information, the State alleged that Allen was guilty of aggravated burglary because he remained in Evans' home and attacked both Evans and D.E. Allen pled not guilty and the trial was held in December of 1994.

At trial, after the close of the State's case-in-chief, Allen moved for a directed verdict on the charges of aggravated burglary and attempted deliberate homicide. Allen contended that the State failed to prove that he committed the additional offense necessary to prove an aggravated burglary. In response to the motion, the State moved to amend the information and Allen objected. The District Court granted the motion to amend the information and denied Allen's motion for a directed verdict. The jury found Allen guilty of aggravated burglary, aggravated assault (against Evans), and assault (against D.E.). Following the jury's verdict, Allen

3

brought this appeal requesting relief in the form of either a reversal, a new trial or a re-sentencing.

DISCUSSION

(1) Did the District Court abuse its discretion when it allowed the State to amend its information after its case-in-chief?

The standard of review for a district court's decision to permit the State to amend an information is abuse of discretion. State v. Matson (1987), 227 Mont. 36, 42, 736 P.2d 971, 975. An information is a written accusation of criminal conduct prepared by a prosecutor in the name of the State. The information must reasonably apprise the accused of the charges against him, so that he may have the opportunity to prepare and present his defense. Matson, 736 P.2d at 975.

Allen was originally charged with aggravated assault (against Evans), and assault (against D.E.). Prior to trial, the State charged Allen by amended information with aggravated burglary, aggravated assault (against Evans), attempted deliberate homicide (of Evans), and assault (against D.E.). At trial, Allen made a motion for a directed verdict. Allen argued that in order to prove the aggravated burglary, the State had to prove that Allen committed all three elements of the charge: (1) remaining unlawfully in an occupied structure; (2) that he was there with the purpose to commit an offense therein; and (3) he inflicted bodily injury on another. See § 45-6-204, MCA. At the time Allen objected to the information, it stated that Allen was guilty of

4

aggravated burglary because he remained in Evans' home and assaulted both Evans and D.E. The information did not refer to a separate offense as grounds for an aggravated burglary charge.

In order to prove aggravated burglary, the State had to prove that "in the course of committing the offense . . . he purposely, knowingly, or negligently inflicts or attempts to inflict bodily injury upon anyone." Section 45-6-204(2)(b), MCA. Allen contends that, assuming the State proved that he assaulted Evans and D.E. as part of the burglary, the State failed to establish aggravated burglary by proving that he also inflicted bodily injury on another; that is, someone other than Evans or D.E. Even assuming, without so holding, that the charge of aggravated burglary requires proof of a separate charge of infliction of bodily injury upon an additional party, that argument was satisfied by both the amendment to the information and the proof adduced at trial.

At the beginning of Allen's trial, the June 15, 1994, amended information stated:

> On or about April 29, 1994, at approximately 02:30 a.m. in Opportunity, Anaconda, Montana, BRYAN KEITH ALLEN knowingly entered or remained unlawfully in the occupied structure at 17 1/2 Leslie St., Opportunity, [A]naconda, Montana, with the purpose to commit an offense therein and in the course of committing the offense therein purposely, knowingly or negligently inflicted bodily injury upon SANDRA LEE EVANS and D.E., a minor, thereby committing the crime of AGGRAVATED BURGLARY, a felony, in violation of § 45-6-204(2)(b) MCA.

After its case-in-chief, the State again amended the above information. In its amendment, the State made the assault against Evans the basis for the aggravated assault and burglary, while the assault against D.E. was the additional charge forming the basis of

5

the charge of aggravated burglary. Allen argues that these amendments to the information were changes of substance and not form in two respects. First, Allen maintains that the amended information changed the nature of the charge. Second, Allen argues that the amended information lowered the State's burden of proof.

In support of these contentions, Allen cites to State v. Sor-Lokken (1991), 247 Mont. 343, 805 P.2d 1367. In Sor-Lokken, this Court held that an amendment is one of form and not substance when, "the same crimes are charged, the elements of the crimes remain the same, the required proof remains the same, and the defendant is informed of the charges against him." Sor-Lokken, 805 P.2d at 1371 (citing Matson, 736 P.2d at 975). This requirement may be satisfied if the charges sufficiently express the language of the statute which defines the offense. Matson, 736 P.2d at 975 (citing State v. Hankins (1984), 209 Mont. 365, 372, 680 P.2d 958, 962).

In addition to the requirements set out in Sor-Lokken, § 46-11-205 MCA, also restricts the State's ability to make substantive changes to an information. Specifically, § 46-11-205, MCA, states:

> 46-11-205. Amending information as to substance or form. (1) The court may allow an information to be amended in matters of substance at any time, but not less than 5 days before trial, provided that a motion is filed in a timely manner, states the nature of the proposed amendment, and is accompanied by an affidavit stating facts that show the existence of probable cause to support the charge as amended. A copy of the proposed amended information must be included with the motion to amend the information.
> (2) If the court grants leave to amend the information, the defendant must be arraigned on the amended information without unreasonable delay and must be given a reasonable period of time to prepare for trial on the amended information.

6

(3) The court may permit an information to be amended as to form at any time before a verdict or finding is issued if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.

The State's amendment to Allen's information did not relieve the State of the burden of proving any of the elements of aggravated burglary. Rather, it allowed the State to satisfy the aggravating element by reference to proof that was already offered in the context of the separate charge of assault on D.E. Applying both the test set forth in Sor-Lokken, and the above statute to the record in this case, we conclude that the State's amendments to the information were changes in form and not substance. Although these changes were made after the State's case-in-chief, Allen was charged with the same crime, the elements remained the same, the proof required remained the same, and Allen was fully informed of the charges against him. Allen was not prejudiced by these amendments. Because the changes to the information were merely of form and not substance, we affirm the District Court's decision permitting the State to amend its information.

(2) Did the District Court err in denying Allen's motion for a directed verdict?

A district court's decision to grant or not to grant a directed verdict will not be disturbed absent an abuse of discretion. A decision to grant an acquittal is appropriate only where there is no evidence to support a guilty verdict. State v. Bromgard (1993), 261 Mont. 291, 293, 862 P.2d 1140, 1141; State v. Haskins (1992), 255 Mont. 202, 210, 841 P.2d 542, 547.

7

In the instant case, the District Court was justified in finding that there was enough evidence for the jury to consider the charges against Allen. Allen argued that the aggravated burglary statute requires both the purpose to commit an offense, and the infliction of bodily injury. See Section 45-6-204(2), MCA. Allen maintains that since the State was relying on his assault of both Evans and D.E. as the requisite offense for the simple burglary, it needed to prove infliction of bodily injury upon someone other than Evans or D.E. in order satisfy its burden of aggravated burglary. Section 45-6-204(2), MCA. In other words, Allen argues that since his assaults of Evans and D.E. were the basis for the burglary charge, they could not also support the aggravated burglary charge. Without ruling on the validity of Allen's analysis of the requirements of aggravated burglary under these facts, we note that the record indicates that the State presented the jury with testimony from Evans, and D.E., both of whom explained that Allen remained in Evans' home and assaulted D.E. after he assaulted Evans. From the record, it is clear that the jury was presented with sufficient evidence to find each of the elements of each crime. Therefore, we find that there was sufficient evidence to support a jury conviction and affirm the District Court's decision not to grant Allen a directed verdict.

(3) Did the District Court abuse its discretion by not admitting testimony of the victim's character?

The standard of review for evidentiary rulings is whether the district court abused its discretion. State v. Gollehon (1993),

8

262 Mont. 293, 301, 864 P.2d 1257, 1263. The determination of whether evidence is relevant and admissible is left to the sound discretion of the trial judge and will not be overturned absent a showing of abuse of discretion. Gollehon, 864 P.2d at 1263. See also State v. Stringer (1995), 271 Mont. 367, 374, 897 P.2d 1063, 1067; State v. Passama (1993), 261 Mont. 338, 341, 863 P.2d 378, 380.

Allen argues that the District Court erred when it sustained the State's objection to his inquiry of Evans regarding a previous physical altercation between Allen and Evans. During his cross-examination of Evans, defense counsel inquired about an altercation between Allen and Evans in which Evans supposedly lied about Allen having injured her. In that 1991 incident, Evans maintained that Allen had twisted her arm and snapped it. Allen maintained that none of this was true. When defense counsel questioned Evans about this incident, the State objected, stating that defense counsel was going beyond the scope of direct examination. This objection was sustained. Furthermore, Allen did not contend that under Rule 608(b), M.R.Evid., he should be allowed to pursue this line of questioning. Rather, Allen presents an argument based on Rule 608(b), M.R.Evid., for the first time on appeal to this Court.

In order to have properly preserved this issue for appeal, Allen should have offered the testimony as character evidence under Rule 608(b), M.R.Evid., thereby affording the trial court an opportunity to evaluate the questions in the context of that Rule. This he did not do. He did not raise the issue of admissibility

9

under Rule 608 with the District Court. Rather, he simply acquiesced in the court's ruling that the questioning exceeded the scope of the direct. Because Allen failed to argue to the District Court that he should be allowed to question Evans as to credibility pursuant to Rule 608, M.R.Evid., we can not now address the merits of that argument raised for the first time on appeal. Marsh v. Overland (1995), 274 Mont. 21, 29, 905 P.2d 1088, 1093; Buhr v. Flathead County (1994), 268 Mont. 223, 237, 886 P.2d 381, 389. Therefore, we hold that the District Court's decision to restrict cross-examination which exceeded the scope of the direct examination was not an abuse of discretion.

(4) Did the District Court increase Allen's punishment because he exercised his constitutional right to a trial?

District courts have broad discretion in sentencing defendants convicted of criminal offenses. State v. Smith (Mont. 1996), 916 P.2d 773, 780, 53 St.Rep. 459, 463 (citing State v. Lloyd (1984), 208 Mont. 195, 199, 676 P.2d 229, 231). This Court will generally review a criminal sentence only for legality--that is, to determine whether it is within the statutory parameters established by the legislature; where a sentence is within those parameters, we generally will affirm it. Smith 916 P.2d at 780; See also State v. Almanza (1987), 229 Mont. 383, 386, 746 P.2d 1089, 1091. However, there are exceptions to these general rules.

Punishing a person for exercising a constitutional right is a basic due process violation. State v. Baldwin (1981), 192 Mont. 521, 525, 629 P.2d 222, 225. Pointing to the disparity between the

10

pre-trial plea offer and the ultimate sentence imposed, Allen contends that his sentence may have been in retaliation for rejecting the plea offer and going to trial. Relying on Baldwin, Allen maintains that the disparity between the sentence he received and the pre-trial plea offer was a result of the District Court's punishing him for exercising his constitutionally protected right to a trial. As this Court explained in Baldwin, 629 P.2d at 225, "[a] policy of leniency following a plea is proper, but its converse, 'extra' severity following trial is not." However, a mere disparity between the sentence offered during plea bargaining and that ultimately imposed is not, of itself, improper. Baldwin, 629 P.2d at 225; In re Lewallen (Calif. 1979), 590 P.2d 383, 386.

This case significantly differs from Baldwin where the sentencing court wrote defense counsel a letter which explained,

> [u]pon a plea of guilty the minimum sentence that I would give Mr. Baldwin would be a 5 year sentence with all but 45 days suspended, said 45 days to be served in the State Prison at Deer Lodge, Powell County, Montana. . . I feel that this is as lenient as I can possible be in the case, and that if he does not want to enter a plea on these conditions why should we prepare to go to trial on the merits of the case.

Baldwin, 629 P.2d at 224. Unlike Baldwin, where the district court participated in the plea bargaining process, Allen has presented no evidence that the District Court in this case was involved in pre-trial plea negotiations. Although there is a disparity between the sentence proposed by the State and the sentence Allen ultimately received, Allen has failed to show that this disparity is the result of the District Court's punishing him for going to trial. Because Allen has failed to substantiate his claim that he was

11

punished for exercising his right to a trial, we affirm the District Court's sentence.

Accordingly, we affirm the District Court.

_W. William Leaphart_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_[signature]_

_Terry Trieweiler_

_Karla M. Gray_
Justices

October 8, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Sherry Petrovich Staedler
Public Defender Project Office
118 Cherry Street
Anaconda MT 59711

Hon. Joseph P. M mrek, Attorney General
Micheal Wellenstein, Assistant
215 N. Sanders
Helena MT 59620

Edward G. Beaudette
County Attorney
800 South Main Street
Anaconda MT 59711

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _D. Gallagher_
Deputy