NO.   95-320

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

    Plaintiff and Respondent,

v.

NEIL HART,

    Defendant and Appellant.

FILED

JAN 09 1997

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas G. Harkin, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

    Thomas S. Winsor, Helena, Montana

    For Respondent:

    Joseph P. Mazurek, Attorney General, Patricia J.
Jordan, Assistant Attorney General, Helena, Montana;
Robert L. Deschamps III, Missoula County Attorney,
Betty Wing Deputy Missoula County Attorney,
Missoula, Montana


Submitted on Briefs: June 27, 1996

Decided: January 9, 1997

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Neil Hart (Hart) appeals his conviction in the District Court for the Fourth Judicial District, Missoula County, of felony robbery. We affirm.

Hart raises the following issues on appeal:

1. IS § 45-5-401, MCA, unconstitutionally vague and overbroad?

2. Is the definition of "bodily injury" in § 45-2-101(5), MCA, unconstitutionally vague and overbroad?

3. Is "pain" that is not objectively and empirically proven sufficient to meet the standard of "bodily injury" in § 45-2-101(5), MCA, and as used in § 45-4-401, MCA?

4. Does the alleged assault of a store detective qualify as an element of robbery?

5. Is misdemeanor theft a lesser included offense of robbery?

6. Is $125,000 an excessive appeal bond and does the appellant properly qualify as dangerous under § 46-18-404, MCA?

7. Is a 40-year sentence excessive for the offense charged considering the appellant's age, family responsibilities and the offense?

Factual and Procedural Background

On June 8, 1993, Hart was charged by information with the offenses of robbery, a felony, in violation of § 45-5-401, MCA, and theft, a felony, in violation of § 45-6-301, MCA. The information was later amended to substitute a charge of misdemeanor theft for the charge of felony theft.

The charges stemmed from an incident occurring on April 23, 1993. Hart and an accomplice, Charlene Collett (Collett), were observed shoplifting in the Bon department store in Missoula. When the pair attempted to leave the store without paying for the **items** they had in their possession, Jennifer Jordan (Jordan), a security officer for the Bon, attempted to apprehend them.

Hart opened the first exit door and was standing in the vestibule when Jordan approached him. Collett was standing in the doorway. Jordan identified herself as Bon security and showed her security badge. Hart pushed Jordan away and as he did so, Jordan grabbed at his coat. Hart hit Jordan's **arms** with his fists to break her grasp. As Jordan yelled for a co-worker to help her, Hart stomped on her foot with his cowboy boot. Hart broke free from Jordan and ran out of the store pursued by two **male store** employees. Hart ran through an alley and dumped the merchandise he had stolen into a dumpster before being apprehended. The merchandise was retrieved by a store employee.

After Hart fled the store, Jordan detained Collett. Jordan later complained to the police that she had been assaulted trying to apprehend Hart. Hart was 63-years old at the time of this

incident.    He was 6 feet 2 inches tall and weighed 200 pounds.
Jordan was 5 feet 7 inches tall and weighed 127 pounds.

Hart was tried by a jury on November 2, 1994.  He was found
guilty on the charge of felony robbery and not guilty on the charge
of misdemeanor theft.   The District Court sentenced Hart to 40
years  at Montana State Prison with 20 years  suspended.    Hart
appeals his conviction and sentence.

Issue 1.

Is § 45-s-401, MCA, unconstitutionally vague and overbroad?

Hart contends that the inclusion of the **term** "flight" in the
definition of robbery, § 45-5-401(3), MCA, is vague and overbroad
since there is no provision in the law for a cessation of "flight"
and there is no provision to distinguish the intent of the suspect.
A statute is overbroad when it impermissibly infringes upon
activities or speech protected by the First Amendment.   State v.
Martel (1995), 273 Mont. 143, 152, 902 P.2d 14, 20.   A statute is
void on its face if it fails to give a person of ordinary
intelligence   fair   notice   that   his   contemplated   conduct   is
forbidden.    Martel,  902 P.2d at 18.    Thus, the issue properly
stated is:  Whether § 45-5-401, MCA, is unconstitutionally vague as
applied.

Hart argues that the act of theft was already completed and
that he was not "in flight" at the time Jordan stopped him. Rather
Hart   argues   that   he   and   Collett   were   leaving   the   store
"peacefully," as evidenced by Hart making the effort to leisurely
open and hold the door for his cohort as they attempted to exit the

4

Bon. According to Hart, the theft being complete, the two had reached a "safe harbor" because they were peacefully exiting the premises from which they had just stolen merchandise.

While Hart might score points for inventiveness, he cites no legal authority for his position. In fact, we conclude that Hart's "safe harbor" has a shallow bottom, indeed. There is no requirement in the law to which we have been cited that "flight" from a crime must consist of the sort of running away or chase that Hart apparently envisions. Furthermore, we are not about to impose a requirement that a criminal's flight from the crime scene be judged by how "leisurely" the accused attempts to or effects his escape with the loot.

As we pointed out in State v. Walker (1966), 148 Mont. 216, 419 P.2d 300, "flight" in legal parlance signifies a leaving or concealment under a consciousness of guilt and for the purpose of evading arrest. It is the consciousness and the purpose which gives to the act of leaving its real incriminating character. Flight from the scene of a crime "requires neither a physical act of running nor a far-away haven." Walker, 419 P.2d at 306 (citations omitted). It is only logical that a shoplifter would want to leave the premises as unobtrusively as possible with his stolen merchandise; that does not render his exit any less of a "flight," however. Hart and his accomplice were attempting to leave the store in a "leisurely" manner so as not to draw attention to themselves because they were conscious of having just committed a theft and because of their desire to conceal that fact and avoid

5

**arrest.** Hart's arguments to the contrary, he and Collett were **in** "flight" from the scene of the crime when Jordan was assaulted.

Moreover, Hart was still on store premises when Jordan attempted to apprehend him. Hart had concealed on his person items of store merchandise which he was attempting to remove from the store. Whether the assault upon Jordan was committed in the commission of the theft or in flight after the commission of the theft is irrelevant as either interpretation of the facts falls within the robbery statute, which provides in pertinent part:

> (1) A person commits the offense of robbery if in the course of committing a theft he:
> (a) inflicts bodily injury upon another;
> . . .
> (3) "In the course of committing a theft" as used in this section includes acts *which occur in an attempt to commit or in the commission of theft or* in *flight after the attempt or commission.*

Section 45-5-401, MCA (emphasis added).

Finally, Hart argues that he did not intend to commit a robbery, thus he should not have been charged with that crime. However, in Montana one need not "form the intent to commit a specific crime . . . to be found guilty of knowingly committing a crime." State v. Ottwell (1989), 239 Mont. 150, 157, 779 P.2d 500, 504. Hart only had to be aware that there was a high probability that his actions against Jordan were prohibited by criminal law. Hart intended to break free from Jordan's grasp by pushing her, hitting her and stomping on her foot. His actions clearly fall within the robbery statute.

## Issue 2.

Is the definition of "bodily injury" in § 45-2-101(5), MCA, unconstitutionally vague and overbroad?

Hart contends that the definition of "bodily injury" in § 45-2-101(5), MCA, is unconstitutionally vague and overbroad. However, Hart fails to support his contentions with any relevant authority, and his arguments are completely without merit. As previously stated, a statute is overbroad when it impermissibly infringes upon activities or speech protected by the First Amendment. Martel, 902 P.2d at 20. Thus, the issue properly stated is: Whether the definition of "bodily injury" in § 45-2-101(5), MCA, is unconstitutionally vague as applied.

Section 45-2-101(5), MCA, provides:

> "Bodily injury" means *physical pain,* illness, or any impairment of physical condition and includes mental illness or impairment. [Emphasis added.]

Despite Hart's protestations, "physical pain" is not an ambiguous term, as any human being who has ever suffered such pain is obviously aware. This Court has previously stated that words of common usage in the English language need not be defined. Martel, 902 P.2d at 18-19.

## Issue 3.

Is "pain" that is not objectively and empirically proven sufficient to meet the standard of "bodily injury" in § 45-2-101(5), MCA, and as used in § 45-4-401, MCA?

Hart contends that Jordan's pain was not objectively and empirically proven and was thus insufficient to meet the standard

7

of "bodily injury" in § 45-2-101(5), MCA, and as used in § 45-4-401, MCA. However, there is no requirement that "physical pain" be empirically proven and once again Hart fails to cite to any authority to that effect.

Jordan testified that she did not pursue Hart out of the store because of the injury to her foot. She stated that she was in pain for several hours after the incident and that she had a bruise on her foot for about a week. The **testimony** of one witness who is entitled to full credit is sufficient proof of any fact. State v. Flack (1993), 260 Mont. 181, 188, 860 P.2d 89, 94. Hart's argument is without **merit.**

### Issue 4.

Does the alleged assault of a store detective qualify as an element of robbery?

Hart contends that the alleged assault upon Jordan does not qualify as an element of robbery and the offense should have been charged under § 45-7-301, MCA, for resisting arrest. This argument is also totally without **merit.** Section 45-7-301, MCA, prohibits an individual from resisting arrest by preventing or attempting to prevent a "peace officer" from effecting an arrest. Jordan is not a peace officer as defined in § 45-2-101(53), MCA.

The robbery statute prohibits the infliction of bodily injury "upon another." It does not make any exceptions for security personnel such as Jordan. Moreover, when the facts of a case support a charge of more than one crime, the crime to be charged is a matter of prosecutorial discretion. State ex rel. Fletcher v.

Dist. Court (1993), 260 Mont. 410, 415, 859 P.2d 992, 995.

## Issue 5.

Is misdemeanor theft a lesser included offense of robbery?

Hart contends that misdemeanor theft is not a lesser included offense of robbery. However, since Hart concedes that this issue is moot as he was found guilty of robbery rather than theft, we need not discuss this issue.

## Issue 6.

Is $125,000 an excessive appeal bond and does the appellant properly qualify as dangerous under § 46-18-404, MCA?

In its April 24, 1995 Judgment, the District Court set an "appeal bail bond" of $125,000. However, on May 10, 1995, the court entered a written order denying Hart's motion to allow bond pending appeal, because Hart "poses a danger to the community. . . " Hart contends that this "does not jibe with § 46-18-404, MCA," because Hart has not had any other felony convictions within the past five years. Hart is confusing the court's denial of bail pending appeal with designating Hart as a dangerous offender for purposes of parole eligibility. Pursuant to § 46-18-404(3), MCA (repealed 1995), since the court did not specify a designation of dangerousness for parole eligibility, it is presumed Hart was designated nondangerous.

The requirement for admitting a defendant to bail pending appeal is whether the defendant is likely "to flee or pose a danger to the safety of any person or the community." Section 46-g-107, MCA. At the time of Hart's sentencing, the requirement for finding

a defendant a dangerous offender for purposes of parole eligibility was whether the offender represented "a substantial danger to other persons or society." Section 46-18-404, MCA (repealed 1995). Thus a defendant could be designated nondangerous for purposes of parole eligibility and still be denied bail pending appeal.

On June 15, 1995, the District Court entered an order approving Hart's request for a property bond for the $125,000 bail, pending appeal. The court required Hart to post a $10,000 surety bond and secure the remaining $115,000 of bail with a property bond. Hart contends that this is excessive. The imposition of bail is within the discretion of the trial court and the amount set will always be upheld if it is reasonable. State v. Lance (1986), 222 Mont. 92, 105, 721 P.2d 1258, 1267. After considering the factors found in § 46-g-301, MCA, regarding the determination of the amount of bail, we conclude that the District Court did not abuse its discretion.

Issue 7.

Is a 40-year sentence excessive for the offense charged considering the appellant's age, family responsibilities and the offense?

Hart contends that a 40-year sentence is excessive considering his age, family responsibilities and the offense committed. Once again Hart fails to cite any authority to support his contentions. Notwithstanding, the review of sentences for inequity or disparity must be conducted by the Sentence Review Division, rather than this Court, according to statutes applicable to those proceedings.

10

Petition of Slice (1995), 271 Mont. 337, 338, 896 P.2d 1125, 1126.

In summary, we conclude that none of Hart's arguments are meritorious. Not one was supported by any persuasive legal argument or authority as required by Rule 23(a)(4), M.R.App.P. Were this a civil case, we might well conclude that an award of sanctions for a frivolous appeal would be in order. Accordingly, finding no merit in any of Hart's contentions, we affirm the judgment of the District Court.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

11