No. 97-280

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 86N


STATE OF MONTANA,

Plaintiff and Respondent,

v.

CLARK MARTIN SMITH,

Defendant and Appellant.



APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Terry Wallace, Attorney at Law, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

Robert L. Deschamps, III, Missoula County Attorney,
Betty Wing, Deputy County Attorney, Missoula, Montana


Submitted on Briefs:   January 15, 1998

Decided:    April 17, 1998
Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal

Operating Rules, the following decision shall not be cited as precedent but shall be filed as
a public document with the Clerk of the Supreme Court and shall be reported by case title,
Supreme Court cause number, and result to the State Reporter Publishing Company and to
West Group in the quarterly table of noncitable cases issued by this Court.

¶2   Clark Martin Smith (Smith) appeals from the judgment and sentence entered by the
Fourth Judicial District Court, Missoula County, on his conviction of the offenses of sexual
assault and felony assault.  We affirm.

¶3   We address the following restated issues on appeal:

¶4   1.  Did the District Court abuse its discretion in prohibiting Smith's expert from
observing the victim's testimony and from opining on the victim's credibility?

¶5   2.  Does sufficient evidence support the convictions?

¶6   3.  Did the District Court punish Smith at sentencing for exercising his constitutional
right to a trial?

BACKGROUND

¶7   The State of Montana (State) charged Smith with sexual assault, sexual intercourse
without consent and felony assault.  Smith pleaded not guilty and waived his right to a trial
by jury.

¶8   At the start of the bench trial, the State moved to exclude all witnesses.  Smith
objected to the exclusion of his expert, contending that he needed her in the courtroom to
assist in interpreting the witnesses' testimony.  The District Court overruled the objection,
all witnesses were excluded, and the trial began.

¶9   The State's evidence indicated that all of the charged offenses involved improper acts
by Smith committed on his minor daughter (hereafter, the victim).  The victim testified at
trial that Smith yelled at her and held a gun to her head, "really scar[ing]" her. He touched
her buttocks and vagina while she watched TV, sometimes with his penis but more often
with his hand.  Smith's counsel did not cross-examine the victim.  A social worker testified
that the victim reported the offenses to her, accusing her father and not her mother's current

boyfriend.

¶10  After the State rested its case, Smith moved for a directed verdict of acquittal and the
District Court denied the motion.  Smith then called Dr. Susan J. Sachsenmaier
(Sachsenmaier) as an expert witness.  She had been disclosed as Smith's expert witness
earlier and her summary report  had been provided to the State.  Sachsenmaier testified that
she had developed a specialty in the investigation of child sex abuse allegations and outlined
her experience in that subject area, including her background in a purportedly scientific
methodology of obtaining and evaluating children's statements relating to alleged sexual
offenses called  Statement Validity Analysis (SVA).  According to Sachsenmaier, the SVA
offers a numerical probability of the child's credibility missing from other methods of
assessing credibility.  Thereafter, Smith moved the admission of Sachsenmaier's report and
the State voir dired at length.  The State then objected to Sachsenmaier's report and
testimony on the basis of the absence of any attack on the victim's credibility and lack of
foundation for the SVA  because it cannot be tested scientifically or empirically and the free
narrative interview Sachsenmaier testified was necessary for application of the SVA never
occurred in this case.

¶11  The District Court refused to admit Sachsenmaier's report and any testimony about
the SVA, in part because the victim had not been cross-examined and, therefore, her
credibility had not been put into issue.  The District Court did deem Sachsenmaier an expert
on generic issues involving the interviewing and characteristics of children reporting sexual
abuse, but disallowed any testimony about the victim in this case.  Thereafter, Sachsenmaier
testified at length on both direct and cross-examination.

¶12  Smith testified on his own behalf.  He denied pointing a gun at the victim, denied her
allegations of improper sexual contact and, indeed, denied being alone with her over the
previous four years.

¶13  After both parties had rested their cases, the District Court acquitted Smith of the
sexual intercourse without consent charge and found him guilty of sexual assault and felony
assault.  It sentenced him to consecutive twenty- and five-year terms of

imprisonment on the two convictions and suspended most of the terms of imprisonment on stated terms and conditions. Smith appeals.

DISCUSSION

¶14  1.  Did the District Court abuse its discretion in excluding Smith's expert from observing the victim's testimony and from opining on the victim's credibility?

¶15  Our standard in reviewing a district court's rulings on both exclusion of witnesses and evidentiary matters is whether the court abused its discretion. State v. McKeon (1997), 282 Mont. 397, 403, 938 P.2d 643, 646; State v. Claric (1995), 271 Mont. 141, 147, 894 P.2d 946, 950.

¶16  Smith advances several  arguments with regard to the District Court's exclusion of his expert from observing the victim's testimony and opining on the victim's credibility.  We need address them only briefly.

¶17  Rule 615, M.R.Evid., authorizes the exclusion of witnesses from the courtroom upon the request of a party; the Rule also sets out three categories of witnesses who may be excepted from exclusion.  Smith contends that, under the exclusion contained in Rule 615(3), M.R.Evid., Sachsenmaier's presence was "essential to the presentation of [his] cause" because he needed her to help him prepare to cross-examine the victim.  The record reflects, however, that Smith's objection to the State's motion to exclude witnesses was a general one which stated only that he needed an expert's help in "interpreting the witnesses' testimony." He did not advise the trial court at the time of the State's motion to exclude that Sachsenmaier's presence was needed to help in preparing cross-examination of the victim and, therefore, he did not make a showing that Sachsenmaier's presence was essential as required by Rule 615(3), M.R.Evid.  Moreover, "[i]t is axiomatic that a party may not change the theory on appeal from that advanced in the district court."  State v. Henderson (1994), 265 Mont. 454, 458, 877 P.2d 1013, 1016 (citation omitted).  We conclude that the District Court did not abuse its discretion in excluding Smith's expert from the courtroom during trial.

¶18  Next, Smith argues that the victim's credibility had been attacked before his

expert
testified and that the District Court erred in determining otherwise simply because Smith had
not cross-examined the victim. Therefore, according to Smith, the absence of an earlier
attack on the victim's credibility was an improper basis for excluding Sachsenmaier's expert
opinion on the victim's credibility. We disagree.

¶19 The threshold test for determining whether an expert witness may testify directly
about a child sexual abuse victim's credibility is "that the child victim must testify and the
child's credibility must be attacked." State v. Steffes (1994), 269 Mont. 214, 228, 887 P.2d
1196, 1204 (citation omitted). Here, while Smith asserts on appeal that he had attacked the
victim's credibility prior to calling Sachsenmaier as a witness, he took the opposite position
in the District Court. Indeed, he expressly conceded that he had not yet attacked the victim's
credibility, but intended to do so via Sachsenmaier, as indicated by the following colloquy
between the trial court and Smith's counsel:

> THE COURT: Can you tell me where in this case you have attacked the
> credibility of the child to date?
>
> MR. WALLACE: I haven't been allowed to -- I intended to attack the child's
> credibility with this witness.
>
> THE COURT: With this witness. That's where you first tried to attack the
> credibility of the [victim].
>
> MR. WALLACE: That's right.

¶20 Smith having conceded at trial that he did not satisfy the threshold test for admitting
an expert's opinion about a child sexual abuse victim's credibility, he cannot now change his
theory on appeal by arguing that he previously had attacked the victim's credibility. See
Henderson, 877 P.2d at 1016. We conclude that the District Court did not abuse its
discretion in excluding Sachsenmaier's expert opinion about the victim's credibility on the
basis that the threshold test for admission of such evidence had not been satisfied.

¶21 Smith also argues that, under United States v. Hicks (9th Cir. 1996), 103 F.3d 837,
the District Court abused its discretion by disallowing Sachsenmaier's SVA evidence
regarding the victim's credibility altogether, even though the evidence may not qualify as
scientific evidence under Daubert v. Merrell Dow Pharm., Inc. (1993), 509 U.S. 579,

113
S.Ct. 2786, 125 L.Ed.2d 469.  We need not address this argument, however, since it presumes that the threshold test for admissibility of an expert's testimony on a child sexual abuse victim's credibility was satisfied and it was not.

¶22  Finally, Smith raises--in one sentence--the specter of a due process violation in relation to the District Court's exclusion of Sachsenmaier's expert testimony.  No such arguments were presented to the District Court and, indeed, neither legal analysis nor supporting authority is presented to this Court, notwithstanding the requirements of Rule 23(a)(4), M.R.App.P.   For these reasons, we will not consider this matter further.

¶23  2.  Does sufficient evidence support the convictions?

¶24  Our standard in reviewing the sufficiency of evidence to support  criminal convictions is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  State v. Richards (1995), 274 Mont. 180, 184, 906 P.2d 222, 224 (citations omitted).  It is for the trier of fact to weigh the evidence presented and determine the credibility of witnesses; if conflicting evidence is presented on factual issues, the trier of fact determines which will prevail.  State v. Flack (1993), 260 Mont. 181, 189, 860 P.2d 89, 94 (citation omitted).

¶25  In this case, the District Court was the trier of fact and convicted Smith of sexual assault and felony assault against the minor victim.  Smith contends that there is insufficient evidence to support either conviction.

¶26  Sexual assault is defined as knowingly subjecting another person to any sexual contact without consent.  Section 45-5-502(1), MCA.  Where, as here, the victim is less than 14 years old and the offender is 3 or more years older, consent does not exist as a matter of law. See § 45-5-502(5), MCA.  Moreover, "sexual contact" is "any touching of the sexual or other intimate parts of the person of another for the purpose of arousing or gratifying the sexual desire of either party."  Section 45-2-101(65), MCA.

¶27 Here, the victim testified that Smith touched her buttocks and vagina with his hand inside her jeans while they watched TV together on a number of occasions and that he touched her vagina with his penis more than once. This testimony by the victim is sufficient to prove the knowing touching of sexual or other intimate parts element of the offense; it need not be corroborated. State v. Little (1993), 260 Mont. 460, 477, 861 P.2d 154, 165 (citations omitted). Moreover, with regard to the "purpose" element, the finder of fact may infer the defendant's intent or purpose from the acts themselves. State v. Riley (1995), 270 Mont. 436, 441, 893 P.2d 310, 314. Thus, the District Court, as the finder of fact, could reasonably infer that Smith's acts were done for the purpose of sexual gratification.

¶28 Smith argues that the victim's testimony was vague, unconvincing and indecisive. This argument, however, goes to the weight of the testimony and questions of weight and credibility are for the finder of fact, not this Court. See Flack, 860 P.2d at 94.

¶29 We conclude that, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense of sexual assault beyond a reasonable doubt. We hold, therefore, that sufficient evidence supports Smith's conviction of that offense.

¶30 With regard to the felony assault conviction, that offense is committed if a person purposely or knowingly causes reasonable apprehension of serious bodily injury in another by use of a weapon. See § 45-5-202(2)(b), MCA. The victim's testimony on this charge was that she arrived at Smith's house yelling that she wanted to go to her mom's house, laid on the bed and started watching TV; Smith came out with a gun and held it to her head, yelling at her, and "I was really scared."

¶31 As he did above, Smith contends that this testimony is vague and not entitled to belief. He also asserts that it is insufficient to establish that the victim was placed in reasonable apprehension of serious bodily injury. We disagree, observing again that matters going to the weight of the evidence and the credibility of the witnesses are within the

province of the trier of fact. See Flack, 860 P.2d at 94. Moreover, testimony that a minor child was "really scared" when a gun was held to her head by a man yelling at her is sufficiently indicative that she was apprehensive of serious bodily injury.

¶32 We conclude that, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense of felony assault beyond a reasonable doubt. We hold, therefore, that sufficient evidence supports Smith's conviction of that offense.

¶33 3. Did the District Court punish Smith at sentencing for exercising his constitutional right to a trial?

¶34 The District Court sentenced Smith to 20 years for the sexual assault, with 10 years suspended, and a consecutive 5-year term for the felony assault, which also was suspended. Smith contends that he received a prison sentence because he exercised his right to trial and, therefore, that his due process rights were violated.

¶35 The sentencing parameters for the offense of sexual assault on a victim less than 16 years old, where the offender is more than 3 years older, are life imprisonment or imprisonment for a term of not less than 2 years or more than 100 years. Section 45-5-502(3), MCA. The sentencing parameters for the offense of felony assault are imprisonment for a term not to exceed 10 years. Section 45-5-202(3), MCA. he District Court's sentencing of Smith on both of the offenses fell well within these statutory parameters. We "generally review a criminal sentence only for legality-- that is, to determine whether it is within the statutory parameters established by the legislature; where a sentence is within those parameters, we generally will affirm it." State v. Allen (1996), 278 Mont. 326, 334, 925 P.2d 470, 475 (citations omitted).

¶36 There are exceptions to the general rule, of course, and punishing a person for exercising a constitutional right is one of them; such a sentence violates due process. Allen, 925 P.2d at 475. Here, however, Smith's arguments do not establish a due process violation of any type recognized by this Court and he cites to no authority from other jurisdictions which support his allegation that the sentence imposed under the circumstances of

this case
would constitute a due process violation.

¶37  The District Court's sentence falls well within the applicable statutory sentencing
parameters and we hold that the District Court did not punish Smith for exercising his
constitutional right to a trial.

¶38  Affirmed.

/S/   KARLA M. GRAY

We concur:

/S/   WILLIAM E. HUNT, SR.
/S/   JAMES C. NELSON
/S/   JIM REGNIER

Justice W. William Leaphart, specially concurring.

¶39  I concur in issues two and three.  I specially concur on issue one.  It is apparent from
the record that counsel for Smith made it sufficiently clear that expert Sachsenmaier's
presence in the courtroom was essential to the presentation of Smith's case, in particular the
cross-examination of the victim.  Thus, under Rule 615(3), M.R.Evid., Smith's expert should
not have been excluded.  However, this error was rendered harmless when Smith waived any
cross-examination of the victim without making any record as to why he was waiving
cross-examination or what he would have anticipated by way of substantive cross-examination had
the expert been allowed to remain in the courtroom.  Accordingly, I concur in the result
reached by the Court.

/S/   W. WILLIAM LEAPHART